1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

10  ROCKY MEL CONTRERAS,

11                    Plaintiff,

12          v.

13  KATHERINE STOLTS et al.,

14                    Defendants.

15

CASE NO. C12-5780 RBL-JRC

REPORT AND RECOMMENDATION TO
DENY IN FORMA PAUPERIS STATUS

NOTED FOR: OCTOBER 19, 2012

16      The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States

17  Magistrate Judge, J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636

18  (b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Plaintiff asks that the

19  Court grant him in forma pauperis status. The Court recommends denial of in forma pauperis

20  status in this case because the complaint does not state a cause of action.

21      The District Court may permit indigent litigants to proceed in forma pauperis upon

22  completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a).  However, the Court has

23  broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314

24  F.2d 598, 600 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

1    Plaintiff is currently facing criminal charges in Pierce County Washington for first degree

2    robbery (ECF No. 1 proposed complaint attached amended indictment). He seeks to have

3    charges against him dismissed and he seeks monetary damages (ECF No. 1, proposed

4    complaint).

5    Plaintiff names as defendants, the Superior Court Judge who is presiding over his

6    criminal case, the prosecuting attorney, and a number of defense counsel or private attorneys

7    (ECF No. 1 proposed Complaint). The Court recommends denial of plaintiff's motion to proceed

8    in forma pauperis because he cannot proceed with his claims in a civil rights action for a number

9    of reasons.

10    All of the named defendants have immunity or are not proper defendants in a civil rights

11    action. The Judge presiding over plaintiff's criminal action has absolute immunity from suit.

12    *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). The prosecutor also hasabsolute immunity

13    from suit.  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

14    In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that: (l) the

15    conduct complained of was committed by a person acting under color of state law; and (2) the

16    conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws

17    of the United States.  *Parratt  v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*,

18    *Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an

19    alleged wrong only if both of these elements are present.  *Haygood v. Younger*, 769 F.2d 1350,

20    1354 (9th Cir. 1985) (en banc).  Counsel who act as defense counsel do not act under color of

21    state law. *See Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981). Thus, none of the named

22    defendants in plaintiff's proposed complaint are proper parties.   This defect cannot be cured by

23    amendment.

24

1       Another defect in the proposed complaint is plaintiff's request that criminal proceedings

2 be stopped and charges dismissed. Generally, the federal courts will not intervene in a pending

3 criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is

4 both great and immediate. *See Younger v. Harris*, 401 U.S. 37, 45- 46 (1971); *see also Fort*

5 *Belknap Indian Community v. Mazurek*, 43 F.3d 428, 431 (9th Cir.1994), *cert. denied*, 516 U.S.

6 806 (1995) (abstention appropriate if ongoing state judicial proceedings implicate important state

7 interests and offer adequate opportunity to litigate federal constitutional issues*); World Famous*

8 *Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir.1987)(This abstention

9 doctrine applies when the following three conditions exist: (1) ongoing state judicial proceeding;

10 (2) implication of an important state interest in the proceeding; and (3) an adequate opportunity

11 to raise federal questions in the proceedings).

12       Only in the most unusual circumstances should the federal court intervene in a state

13 criminal prosecution until after the jury comes in; plaintiff's judgment has been appealed; and

14 the case concluded in the state courts. *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir.1972). *See*

15 *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir.), *cert. denied*, 449 U.S. 1014 (1980). Plaintiff

16 would need to show that extraordinary circumstances exist where irreparable injury is both great

17 and immediate, for example where the state law flagrantly and patently violates express

18 constitutional prohibitions or where there is a showing of bad faith, harassment, or other unusual

19 circumstances that would call for equitable relief. *Younger*, 401 U.S. at 46, 53-54.

20       Plaintiff's proposed complaint contains quotes without citations, legal conclusion, and no

21 operative facts. He alleges a violation of his right to speedy trial, but plaintiff provides no facts,

22 he alleges judicial and prosecutorial misconduct, but again, plaintiff provides no facts. Plaintiff

23 complains of the conduct of defense counsel, but again his allegations are conclusory without

24

1   supporting facts. In short, plaintiff fails to show that judicial intervention is appropriate in this

2   case or that the Court should grant plaintiff in forma pauperis status. The Court recommends

3   denial of in forma pauperis status. Plaintiff should be given thirty days to pay the full filing and

4   failure to pay the fee should result in dismissal of the action.

5           Pursuant to 28 U.S.C. § 636 (b) (1) and Fed. R. Civ. P. 72 (b), the parties shall have

6   fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

7   6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

8   review by the district judge. *See* 28 U.S.C. § 636 (b) (1) (C). Accommodating the time limit

9   imposed by Fed. R. Civ. P. 72 (b), the clerk is directed to set the matter for consideration on

10  October 19, 2012, as noted in the caption.

11          Dated this 27th day of September, 2012.

12

13  _____
    J. Richard Creatura

14  United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION TO DENY
IN FORMA PAUPERIS STATUS - 4